IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

FEBRUARY TERM, 1894.

---

### JOHN W. WESTCOTT v. HOWARD HINCKLEY.

1. A suit at law will not lie against a husband by a solicitor for services to the wife in defending a divorce suit.
2. The only remedy is in equity on an application in the divorce proceedings by the wife for alimony and counsel fee.

---

On contract.  On demurrer to the declaration.

The count demurred to claimed that the defendant was indebted to the said plaintiff in the sum of $2,000, for the work and labor, care, diligence and attendance of the said plaintiff before that time done, performed and bestowed as the attorney and solicitor of Martha J. Hinckley, the wife of the said defendant, and upon her retainer in and about defending a suit brought against her by the said defendant for the purpose of annulling the marriage then existing between her and the said defendant, and which said work and labor, care, diligence and attendance of the said plaintiff were necessary to preserve to

the said Martha J. Hinckley, the wife of the said defendant, such of the legal rights as were involved in said suit, and to establish her innocence of the charges of fraud and conspiracy which were brought against her in the said suit by the said defendant.

Argued at November Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE, GARRISON and LIPPINCOTT.

For the plaintiff, *William S. Gummere.*

For the defendant, *John T. Woodhull, Samuel W. Beldon* and *Francis C. Lowthorp.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE.     The issue raised by this demurrer is, whether an action at law will lie against a husband, on an implied *assumpsit* for services rendered to his wife by the plaintiff as a solicitor in chancery, on a bill exhibited against her to annul her marriage contract on the ground of fraud.

It is admitted that this procedure is one of first impression, and, it should be added, that if the claim in suit is recoverable, it must be the indisputable conclusion, that the law upon the subject has been, from the beginning, grossly misunderstood and misapplied by the courts of this state.

It will be observed that the predicate of the proposition of the plaintiff in support of his action must be that the wife, in this class of cases, has the right to bind her husband to pay him his fees, estimated by the customary rate, for his services in her behalf. Counsel fees have never heretofore been estimated in this way in these litigations for divorce. It is true that the right of the wife to impose on her husband her expenses in proceedings of this nature has, up to the present occasion, been presented for equitable consideration. On bills for divorce the invariable course has been to apply to the Chancellor for an allowance of alimony and counsel fees to

the wife standing in the cause either as complainant or defendant. But this fact cannot affect the subject, for if the husband could be bound by the wife to compensate her lawyer at the usual rate, such standard would be the measure of payment in equity as well as at law. Such a criterion of compensation has been repudiated, in the most explicit manner, by the uniform and inveterate practice of the Court of Chancery. Heretofore the sole measure employed in such cases has been the discretion of the Chancellor as applied to the particular circumstances of the given case. Instead of the graduation of the recompense of the solicitor by a fixed measure, it has been uniformly adjusted by equitable considerations, and on the ground that it rests purely in discretion has, in some instances, been altogether denied. More than half a century ago, in the case of *Amos* v. *Amos*, 3 *Gr. Ch.* 171, the doctrine was said to be settled to the effect that upon a bill for divorce the court will, at its discretion, make an allowance to the wife for counsel fees, whether she be complainant or defendant in a suit, and that such an allowance should be moderate, and that no inducement should be held out for the oppression of the husband. It is obvious that this principle of action is largely incongruous with the rule that would be applied if the present case, in a legal tribunal, should go to a jury, for in such a juncture the value of the legal service, at usual prices, would be the amount to be recovered. And the doctrine of the reported case is to be found exemplified in all our subsequent decisions. In *Kirrigan* v. *Kirrigan*, 2 *McCart.* 146, Chancellor Green refused an allowance of counsel fees for the reason that the proceedings, according to his construction, had not, on the part of the wife, been filed in good faith. It is very plain that in the suit before us such incidents as these could not be taken into account in the present course of law, if the plaintiff can recover for his services.

In short, it cannot reasonably be denied that for all time past in this state, in this class of proceedings, the question whether the wife is to have the assistance of counsel at the

expense of the husband, has been treated as of purely equitable cognizance, resting, both as to allowance and amount, in judicial discretion.   In such a judicial system, a right to sue at law, on the part of the counsel of the wife, would stand, not only as a novelty, but as an incongruity.

Nor does it seem that any English case has gone the length of recognizing any principle that would lay the foundation for the present action.   But it is not necessary to review these adjudications, nor those in this country that have been cited. It is enough to say that we do not deem that there is anything in the common law that will lend countenance to the present action, and that at all events the practice on this subject, treating it as belonging to the cognizance of equity, has been too long and too thoroughly established to leave the question open to discussion.

Let the defendant take judgment on the demurrer.